UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY MERCHANT, | ) |
| Plaintiff, | ) |
| vs. | ) No.: |
| WATSON'S INSTALLATION, LLC, | ) |
| Defendant. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is a Tennessee limited liability company with its principal address at 621 Muci Drive, Antioch, Tennessee, 37013. Its registered agent for service of process is Charles M. James, 621 Muci Drive, Antioch, Tennessee, 37013.

3. Defendant installs pools, hot tubs, pool tables, and outdoor furniture that are sold to customers through a related retail store called Family Leisure. The Family Leisure store is also located at 621 Muci Drive, Antioch, Tennessee, 37013.

4. Plaintiff has been employed by Defendant since November of 2020.

5. Plaintiff is employed by Defendant as a lead installer. His duties include installing hot tubs, pool tables, and furniture at customers' homes.

6. Defendant pays Plaintiff a salary, plus certain bonuses.

7. Plaintiff routinely works overtime hours of more than 40 per workweek for

which he is not paid overtime pay at a rate of one and one-half times his regular rate of pay.

8. Defendant is an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

9. Plaintiff is an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

10. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant had annual gross volume of sales which exceed $500,000.00.

11. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

12. Pursuant to Section 207(a)(1) of the FLSA, Defendant is required to pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay for all hours worked over 40 during a workweek.

13. Defendant's failure to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

14. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

15. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

16. Plaintiffs is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to his overtime back pay;

(c) interest;

(d) reasonable attorney's fees and costs; and

(e) all other general legal and equitable relief to which he may be entitled.

Respectfully submitted,

<u>/s/ R. Scott Jackson, Jr.</u>
R. Scott Jackson, Jr. (TN 13839)
Attorney at Law
4525 Harding Pike, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

Attorney for Plaintiff